IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00402-MR

| | |
|---|---|
| ANGELA HILL McCRAW, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF <br> DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Defendant's Motion for Summary Judgment [Doc. 16].

**I.  PROCEDURAL BACKGROUND**

On March 26, 2013, the Plaintiff Angela Hill McCraw protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging an onset date of October 10, 2012. [Transcript ("T.") at 214]. The Plaintiff's application was denied initially and upon reconsideration. [T. at 156, 161]. Upon the Plaintiff's request, a hearing was held on September 16, 2015, before an Administrative Law Judge ("ALJ"). [T. at 57-102]. The Plaintiff, who was represented by

counsel, testified at the hearing, as did a vocational expert ("VE"). [Id.]. On October 15, 2015, the ALJ issued a decision, wherein the ALJ concluded that the Plaintiff was not disabled. [T. at 39-50]. On December 15, 2016, the Appeals Council denied the Plaintiff's request for review [T. at 1-3], thereby making the ALJ's decision the final decision of the Commissioner. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla

of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration regulations set out a detailed five-step process for reviewing applications for disability. 20

C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular

4

and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the fifth step.

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 10, 2012, her alleged onset date. [T. at 41]. At step two, the ALJ found that the Plaintiff has the following severe impairments: obesity, migraine headaches, mild to moderate degenerative disc disease of the lumbar and cervical spine, left-sided hearing loss status post removal of mastoid air cell carcinoma, mild obstructive sleep apnea, anxiety, depression, and bipolar disorder. [Id.]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id. at 43-44]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except: she can never climb ladders, ropes, and/or scaffolds; she can occasionally climb ramps and stairs; she can have occasional exposure to noise and workplace hazards, such as unprotected heights and dangerous machinery; she can have occasional exposure to pulmonary irritants such as dust, fumes, odors, and gases; she is limited to simple, routine, repetitive tasks; she can have occasional interaction with the general public and coworkers; she cannot perform fast paced production rate work; and she can have few, if any, workplace changes.

[Id. at 45-48].

At step four, the ALJ noted that the Plaintiff has past relevant work as a CNA and a home attendant, both of which are classified as medium in exertion and semi-skilled. [Id. at 48-49]. The ALJ found that the Plaintiff is unable to perform this past relevant work. [Id.]. At step five, the ALJ found that, considering the Plaintiff's age, education, work experience, and RFC, there are unskilled jobs at the light level of exertion that exist in significant numbers in the national economy that the Plaintiff can perform, such as storage facility rental clerk (DOT 295.367-026), a checker I (DOT 222.687-010), and a mail clerk, non-postal (DOT 209.867-026). [T. at 49-50]. The ALJ concluded, therefore, that the Plaintiff was not "disabled" as defined by the Social Security Act from October 10, 2012, the alleged onset date, through October 15, 2015, the date of the ALJ's decision. [T. at 50].

## V. DISCUSSION[1]

In this appeal, the Plaintiff argues, *inter alia*, that the ALJ failed to properly consider the medical and opinion evidence of record. Specifically, she argues that the ALJ failed to provide an adequate explanation for assigning "little weight" to the opinions of the Plaintiff's primary treating physician, Tracy Phelps, M.D. [Doc. 11-1 at 5-9].

---

[1] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

7

In making disability determinations, the Regulations require an ALJ to consider all medical opinions of record, regardless of their source. 20 C.F.R. §§ 404.1527(c), 416.927(c); 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."); SSR 06-03p (The ALJ must "consider all of the available evidence in the individual's case record in every case."). "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p.

The ALJ must always give "good reasons" in the decision "for the weight given to a treating source's medical opinion(s), i.e., an opinion(s) on the nature and severity of an individual's impairment(s)." SSR 96-2P. Furthermore, for treating source opinions:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, <u>supported by the evidence in the case record</u>, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

Id. (emphasis added).

8

In the present case, Dr. Phelps completed an "Attending Physician's Statement" on June 27, 2014, setting forth a number of diagnoses, reports of symptoms, and medical opinions. [T. at 890-91]. Specifically, Dr. Phelps diagnosed the Plaintiff with mastoid liposarcoma, chronic jaw pain, depression and/or anxiety, and frequent migraines. Dr. Phelps reported that more than half of the Plaintiff's migraines lasted more than one hour; that they were accompanied by symptoms of nausea, photophobia, blurred vision, and drowsiness due to prescribed medications; that they prevented all activity and required her to lie still in a darkened room; and that they prevented her from performing postural activities including stooping, climbing, crawling, bending, squatting, and kneeling. Dr. Phelps opined that the Plaintiff would need to take 4-5 unscheduled breaks, "or more," in an eight-hour workday; and that she would likely be absent from work more than four days a month. [Id.].

Dr. Phelps also opined as to a number of activities that the Plaintiff "would be unable to do for 8 hours a day, 5 days a week, on an independent basis," including the abilities to remember work-like procedures; to maintain attention for extended periods of two-hour segments; to complete a normal workday and workweek without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable

number and length of rest periods; to accept instructions and respond appropriately to criticism from supervisors; to get along with co-workers or peers without distracting them or exhibiting behavioral extremes; and to respond appropriately to changes in a work setting. [T. 891]. These are all "abilities needed for any job," a substantial loss of which, "severely limits the potential occupational base and thus, would justify a finding of inability to perform other work even for persons with favorable age, education and work experience." POMS DI 25020.010.[2] These opinions, if adopted, would support at a minimum a significantly more restrictive RFC finding than the ALJ actually made. See 20 C.F.R. § 404 1520a.

The ALJ gave "little weight" to Dr. Phelps's opinions, stating simply, without any further explanation, that: "Dr. Phelps's opinion is <u>not fully supported</u> by the objective medical evidence of record." [T. at 48 (emphasis added)]. In making this short, conclusory statement, the ALJ failed to provide good, specific reasons in her decision for the weight she ascribed to Dr. Phelps's opinions. <u>Fox v. Colvin</u>, 632 F. App'x 750, 756 (4th Cir. 2015) ("Such a cursory and conclusory analysis does not provide any reason, let

---

[2] "We require adjudicators at all levels of administrative review to follow agency policy, as set out in the Commissioner's regulations, SSRs, Social Security Acquiescence Rules (ARs), and other instructions, such as the Program Operations Manual System (POMS), Emergency Messages, and the Hearings, Appeals and Litigation Law manual (HALLEX)." SSR 13-2p.

10

alone a 'good reason[ ],' why the ALJ concluded that [the treating physician's] opinion was inconsistent with other medical findings.").

While the ALJ generally discussed the objective evidence of record [see T. at 41-48], the ALJ made no attempt to specifically explain how Dr. Phelps's opinions are not "fully supported" by any other findings in the record. As such, the Court is unable to effectively review the ALJ's conclusion regarding the weight of Dr. Phelps's medical opinions. Because the Court cannot determine whether the ALJ properly evaluated the opinions of the Plaintiff's primary treating physician, the Court cannot say that the Plaintiff's RFC was properly addressed or that the ALJ's ultimate decision was supported by substantial evidence. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 662 (4th Cir. 2017). For the reasons stated, the Court concludes that a remand is required.[3]

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **GRANTED** and the Defendant's Motion for Summary Judgment [Doc. 16] is **DENIED**. Pursuant to the power of this

---

[3] Because the Court is remanding this matter based upon the Plaintiff's first assignment of error, the Court need not address the other issues raised by the Plaintiff.

Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

    **IT IS ORDERED.**

Signed: March 12, 2018

Martin Reidinger
United States District Judge